LUCIA R. DILLENBACH, APPELLEE, v. SYLVESTER S. SNYDER, APPELLANT.

FILED JUNE 16, 1913. No. 17,245.

1. Errors assigned, but not shown in the abstract, will not be considered.

2. Appeal: CONFLICTING EVIDENCE. A verdict based upon conflicting evidence, and approved by the trial court, will not be disturbed, unless manifestly wrong.

APPEAL from the district court for Adams county: HARRY S. DUNGAN, JUDGE. Affirmed.

John C. Stevens, for appellant.

J. W. James and H. F. Favinger, contra.

FAWCETT, J.

This action was instituted in the district court for Adams county to recover money delivered to defendant's agent in connection with what plaintiff contends was a proposal to purchase certain real estate in the city of Hastings. From a verdict and judgment in favor of plaintiff, defendant appeals.

The substance of the petition is that plaintiff, being desirous of purchasing some residence property, visited the office of Higinbotham & Pickens, real estate agents, and

requested the senior member of the firm to show her some residence property. He showed her the property of defendant, and told her the price thereof was $4,600. She declared her willingness to take the property at that price, and left with the agent a certificate of deposit for $900, the agent giving her a receipt which recited the purchase price, the amounts and the dates of the different payments, and that the proposition was subject to the approval of the owner, the defendant in this action; that this was done June 2, 1909; that at 8 o'clock the next morning she withdrew her offer to purchase, and so notified the agent and demanded a return of her certificate of deposit; that the agent cashed the certificate and turned the money over to defendant; that before the trial the defendant sold and conveyed the property to a third party. The answer admits the agency of Higinbotham & Pickens; that appellee was desirous of purchasing property; that she examined the property of defendant; that defendant had later sold the property for $4,100, and denies all other allegations in the petition. It then alleges that on June 2 plaintiff agreed to purchase the property for $4,600, and as a part of the purchase money paid $900 to the agents; that on the same evening the agents informed defendant of the sale, and he thereupon approved and accepted the terms of the sale and the said sum of $900; that he was ready, able and willing to convey the property to plaintiff, and on the 1st of September, 1909, tendered to plaintiff a deed to the property, but she refused to comply in any manner with the conditions of the contract, and has never since offered or tendered performance of the same; "that by her conduct she forfeited her right to have paid back to her said $900." The reply was a general denial.

We think the issues in this case are well stated by counsel for defendant in his brief: "To simplify the proposition, in my opinion, the only question is: Did the appellee purchase the real estate described in the petition?" Plaintiff testified, in substance, that, when she went with the agent on June 2 to look at defendant's place, the agent told

her the price was cash, and she told him she could not pay cash, but would make him this offer: That she would give $900 cash, $1,900 July 1, and $1,800 September 1; that the agent said he would take the $900, but would have to get the owner's approval; that she thereupon gave him the $900 certificate, and he gave her the receipt. The receipt reads: "Hastings, Neb., June 2d, 1909. Received from Miss Lucia R. Dillenbach nine hundred dollars on purchase of S. S. Snyder property on 7th St. between Hastings & Denver Ave. at $4,600 Bal to be paid 1900 July 1st, 09 and balance 1800 Sept. 1, '09 at which time possession to be given. Subject to aproval of S. S. Snyder. (Signed) Higinbotham & Pickens, Agents." It is apparent that up to this point the minds of the parties had not met in a completed contract. The most that can be claimed for the receipt given by the agent, which is the only written evidence of what was done, is that plaintiff submitted to defendant through his agents a proposal to purchase his residence property for the sum stated and upon the terms named in that receipt; that this proposal was subject to the approval of defendant. The only disputed question of fact, therefore, is: Did the plaintiff, before she was advised of the acceptance of this offer, distinctly and unqualifiedly withdraw the same? Upon this, the evidence is in sharp conflict. The jury found in favor of the plaintiff, and thereby found that the withdrawal of the offer was made before notice was given of its acceptance, and that therefore no completed contract was ever entered into between the parties. This being true, the plaintiff was entitled to a return of her money with interest, as found by the jury.

Complaint is made of certain instructions given by the court. The appeal was lodged in this court and abstract and briefs filed during the time that the law and the rules of this court in relation to abstracts were in full force and effect. In No. 19 of the rules it was provided that, in the preparation of abstracts, "where no objection is made to the giving or refusing of any instruction, omit all, but,

where there is objection as to the giving or refusal to give any instruction or instructions, set out the whole charge, pointing out specifically the instructions excepted to." This requirement of the rules was not followed in the preparation of defendant's abstract, only a portion of the court's charge being set out. This assignment of error will therefore be disregarded. Complaint is made of the refusal of the court to give instructions 1, 2, 3 and 4, requested by defendant. As the charge of the court is not set out, we must assume that the points covered by these four instructions were fully embraced therein. In fact, that portion of the instructions given by the court, set out in the abstract, shows such to have been the case.

Summed up, the case turns entirely upon a question of fact, as to which the evidence is in conflict. The jury saw the witnesses upon the stand and heard them testify. They saw fit to give credit to the evidence offered by plaintiff and to discredit that offered by defendant. No good reason is shown why we should say that the jury were wrong in so doing.                                        AFFIRMED.

LETTON, ROSE and HAMER, JJ., not sitting.